IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

4: CV16-0365

JUDGE BRANN

| | |
|---|---|
| Leonard Guess, | Civil Action No: _____ |
|     Complainant. | |
| | " Complaint " |
| vs. | |
| | RECEIVED |
| Bureau of Prisons, | WILLIAMSPORT |
| 320 First Street, N.W. | |
| Washington, DC 20534 | MAR - 3 2016 |
|     Defendant; | |
| | FILED |
| FCI Fort Dix, | WILLIAMSPORT |
| Warden, J. Hollinworth, | |
| Staff Member, K. Evans, | MAR 03 2016 |
| Bureau of Prisons Health Services, | |
| P. O. Box # 38 | PER_____ |
| Fort Dix, New Jersey 08640 | DEPUTY CLERK |
|     Defendants. | |

PETITION OF AN -BIVENS CIVIL ACTION

NOW COMES, Complainant Leonard Guess, in the proper person and as a pro'se moves in this Complaint in the pursuant of the " Bivens " Claims against defendants herein, as Federal Employees, Agents, Entities, and Officers, under civil sue insofar as to their invasion of this Complainant's rights guaranteed by the 5th, 8th, and 14th Amendments of the Constitution for the United States as follow:

JURISDICTION AND VENUE

This Court's jurisdiction delegation derives from the Federal Title 28 U.S.C. § 1331, that it may entertain any and all civil action held against the Federal Govern-

ment's Employees, Agents, or Officers, and this Court authorize the necessary and appropriate remedy for relief in such subject matter deriving from such civil action, and the Court's venue is sufficiently under Title 28 U.S.C. § 1391.

## STATEMENT OF CLAIMS

On December 29, 2014, Complainant Leonard Guess, a prisoner in the custody of the Bureau of Prisons, who was on the above date at the hour of 8:30 pm, at the FCI Fort Dix Minimum Security facility, while interacting in general population recreational activity, Complainant Guess, was attacked from behind by the Prison Staff Member K. Evans, complainant was thrown between the 3rd floor and 2nd floor stairwell, into a concrete wall head and shoulder first, the excessive force employed by the Official K. Evans caused Guess to be tempterately knocked unconscious from his head impacting with the concrete wall, while coming to a subconscious mental state and in somewhat confused as to what had and was occurring to him... he discovered himself being held in some type of police defensive lock maneuver that was being applied by K.Evans' nee in between complainant's neck and left shoulder while forcing complainant's head in to the concrete floor, this all occurred without complainant's resisting or cause to the incident, and because of the Prison Official K. Evans' egregious and erronous misconduct and uses of excessive force against complainant of initiated from behind the complainant was taking to the Emergency Room of the Robert Wood Johnson's Hamilton University Hospital where he (Leonard Guess) was Diagnosis of suffering from an acromioclavicular separation, head injury, left shoulder strain, and lumbar strain, he was returned to the FCI Fort Dix, and placed in the Special Housing Unit pending disciplinary proceeding and medical treatments follow up as prescribed by the RWJ Hamilton University Hospital Medical Doctor.

All Defendants in this action at the relevant times was acting under the color of

2

the Federal Bureau of Prisons, in is being sued in their indivdual capacity, as well as their Official capacity, all persons and entity are held liable for their own and personal conducts and behaviors, each persons and entity liability is measure by their egregiously acts and counteracts, or from the grave erronous prejudice that was employed through their personal comity to one another, that is the core of their deliberate indifferent and neglection of their Official obligations and responsibilies to the complainant Leanard Guess, while he was in their custody and care, and to assure his medical care raise to and adequate and effective treatment plan.

(1) Defendant Bureau of Prisons, at all relevant times did employed all defendants in this action, this defendant Bureau of Prisons, is being sue as a person and in his individual capacity and Official capacity, the defendant is the owner and legal custodian over all federal prisons and prisoners assigned by the Federal Department of Justice to his custody... as the owner over prisons under the contracts of the Federal Bureau of Prisons, defendant bear the professional and personal obligations and responsibilities in the supervising and training of all Prisons' Staff Members, this defendant also bear the full responsibilities for the security and care of every persons placed in his custody as prisoners of the United States of America, and on December 29, 2014 and thereafter, failed to protect Complainant Guess, in the defendant's neglection prescribed by the Program Statement § 3713.24, enacted June 16, 2014, as to his official duties and responsibilities, and the set Standards of Employees Conduct by the Program Statement (PS) § 3420.11 enacted December 6, 20-13, has been completely abandoned by this defendant insofar as the constitutional rights of Complainant Guess herein,.

(2) Defendant FCI Fort Dix, at all relevant times was an employee of the defendant Bureau of Prisons, this defendant FCI Fort Dix, is being sue as a person and in his individual capacity and official capacity, this defendant bears the responsibilities

and obligations prescribed by (PS) §§ 1120.18, 3000.03, 3713.24; on December 29, 2014, he also bears the responsibilities and obligations of providing protective services to all prisoners (inmates) within his facility, such protection includes protecting prisoners from staff members such as the defendant K. Evans' excessive uses of force, and defendant Bureau of Prisons Health Services' medical deprivation, and defendant Warden J. Hollinworth, discrimination and abuse of discretion, against such prisoners like Complainant Leonard Guess, who was injured through personnel or employees egregious and erronous conducts from December 29, 2014, and thereafter, until February 24, 2015, removal and transferred.

(3) Defendant Warden J. Hollinworth, at all relevant times was employed and acted as the Superintendent at the defendant FCI Fort Dix facility, under the supervision of the defendants " Bureau of Prisons, and FCI Fort Dix," and in the absence of both the defendants BOP, and FCI Fort Dix, is delegated by (PS) § 3713.24, the authority and control to supervision and train defendant K. Evans, by (PS) §§ 1110.8, 1120.18, 1600.10, 3000, 03, and to enforce (PS) § 3420.11, such responsibilities and obligations extends to all employees or personnel, this defendant Hollinworth is responsible personally to overseeing prisoners lives and health in his custody... as the custodian in trusted with the well being of inmates daily life in the defendant FCI Fort Dix's facility, he bears all of the responsibilities and obligations as a chief executive officer, and a parent to all persons under his authority of custodianship, and on December 29, 2014, while under his supervision defendant K. Evans, attacked the Complainant Leonard Guess, who were a inmate at the institution of FCI Fort Dix, in the state of New Jersey, at the hour of 8:30 pm, defendant Hollinworth, should had known that his lack of supervision and training of the defendant Evans, would place the Prison's general population at risk, and on January 30, 2015, said Complainant Guess, filed a BOP's Administrative Remedy of his grievances and injures suffered at the hand of the defendants Evans, and Bureau of Prisons Health Services, whereas,

the defendant Bureau of Prisons Health Services (BOPHS), deprived him of effective and adequate medical treatment sustained on December 29, 2014, by the egregious and erroneous conducts of the defendant Evans... the defendant Hollinworth, with comity by influence of arbitrary deliberate, withheld Complainant's January 30, 2015's grievances in silence until well after complainant had been transferred from the FCI Fort Dix facility and served upon complainant Guess, a refusal to process such Administrative Remedy after deliberately await four months passed in contrary to the defendant Hollinworth's obligation and responsibility under the (PS) § 1330.18 Administrative Remedy Program, this defendant Hollinworth, is being sue in his individual capacity and official capacity... as the Superintendent over the defendant FCI Fort Dix's facility.

(4) Defendant K. Evans, at all relevant times was employed at the FCI Fort Dix in the state of New Jersey, where he served as a Prison Staff Officer, and conducted security duties, under the supervisions of the above defendants (BOP), FCI Fort Dix, and J. Hollinworth, this defendant K. Evans is being sue in his personal capacity, while acting under the color of his Professional capacity on and beyond the dated of December 29, 2014, this defendant did acted outside of the standards of Employee Conduct of the (PS) § 3420.11, and did unknowingly approached Complainant Guess, without a cause from behind and did gladded and thrown complainant down a flight of stairs into a concrete wall face, head and shoulder first, without any former warning, this act and abuse uses of extrasensory and prejudical excessive force with the intention to cause serious body harm to complainant Guess, this defendant had no regard nor concerned himself - with the (BOP's) policy, or the Complainant's personal or civil rights in the execution of his excessive force, he employed against the complainant, all other inmates that witnessed the defendant's unprofessional demainer and egreious conducts against complainant was left with

5

the impressions that (BOP's policy and the Federal Regulations governing Professional Standards and Conducts of federal prison personnel was to be tolerated under Bureas of Prisons' policy) abuse acts because such incidents is a regularly endured under the Bureau's Administration at the FCI Fort Dix against such class of prisoners as the complainant under the defendants (BOP), FCI Fort Dix, and Warden J. Hollinworth's supervision, without any Administration Staff Members receiving disciplinary recommendations or sanctions, its usually is covered up as herein, this complainant's incidence on the dated December 29, 2014.

(5) Defendant Bureau of Prisons Health Services, at all relevant times was the health care provider at the FCI Fort Dix, this defendant is being sue as a person and in his/her individaul capacity, while operating under the color of his/her's official capacity on the dated of December 29, 2014, and through February 24, 2015, this defendant BOPHS, failed to provide adequate medical care and treatment to the complainant, the defendant herein, relied on its alleged excuses of the defendant (BOP), delaying the approval for complainant to receive the appropriate and necessary medical care, and even though this defendant did on several occasions interviewed complainant in the Medical Department, nevertheless, he or she did not provided the complainant with medical care and treatment as guaranteed by the (8th) Eighth Amendment right to medical care and treatment effectively... nor has this defendant sought to impress upon the defendant (BOP), the sufficiency of the complainant's medical injury(s), such neglections derived from the mind states of deliberate indifference, by his/her employees.

## RELIEF SOUGHT

Complainant prays, relief in the form of the following :

1. The Complainant seeks relief for punitive damages of pain and suffering

resulting form physical injures, and medical deprivations, should be determine by a jury as to the amount that should be awarded ;

2. The Complainant seeks relief for mental stress, and anguish endured and resulting from the excessive uses of force, and medical neglection ; should be determine by a jury as to the amount that should be awarded ;

3. The Complainant seeks relief for the defendants personal egregious conducts that was erronous employed by each individuals, the following relief awards :

    a. Defendant Bureau of Prisons, should render as award the amount of $ 100,000 ;

    b. Defendant FCI Fort Dix, should render as award the amount of $ 20,000;

    c. Defendant J. Hollinworth, should render as award the amount of $ 25,000.

The above defendants herein, mentioned should held liable for their neglection of their obligations in the supervising and training of the other defendants Evans, and Bureau of Prisons Health Services, and the above mentioned herein this portion should held liable for deliberate indifferance of their responsibilities in the safety and care of the Complainant Leonard Guess :

    d. Defendant K. Evans, should render as award the amount of $ 250,000, for his individual acts of disregard to the complainant's private and personal liberty rights and defendant neglection in the safety of complainant while in his care.

    e. Defendant Bureau of Prisons Health Services, should render as award of the amount of $ 100,000, for his/her individual conduct of depriving adequate and effectively medical treatment and care to the complainant, the (BOPHS) is a subcontract and is bound by that instrument to uphold the laws and constitutional provisions under the 8th (Eighth) and 14th (Fourteenth) Amendments .

4. The Complainant Leonard Guess, prays a jury trial with prompty remedy access ability.

## CONCLUSION

Complainant Leonard Guess, holds and affirm this civil action before the Court in accord with the penalty of perjury, and that the material facts are valid in there factual basis of the subject matter, to grant the Court the proper and appropriate Power, to redress all substances of the core of his grievances in and by the laws, and Constitution of the United States, and that should this matter comes for trial that he intents to provide appropriate records, papers, and documents of support, as to each defendants individual conducts, to show prejudice and intentional behaviors that infringed upon his personal rights to cause liberty and physical injuries to him.

Dated: February 23, 2016 :

Respectfully Submitted.

_____
Leonard Guess

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 23rd, day of the month of February, of 2016; a copy of the foregoing Complainant Leonard Guess's " Bivens Civil Complaint and his Motion for leave to proceed forma pauperis 28 U.S.C. § 1915(a)(2), was mailed pre-paid to the following :

U.S. District Court for the
Middle District of Pennsylvania
Office of Court Clerk:

Respectfully Submitted.

_____
Leonard Guess
Reg. No: 64242-066
FCI Schuylkill
P.O. Box # 759
Minersville, PA 17954-0759



Leonard Guess 64242-066
Federal Correctional Institution Schuylkill
P.O. Box 759 Minersville, PA 17954-0759

⇔64242-066⇔
U S District Court
Suite 218
240 W 3RD ST
for the Middle Dist.Penn.
Williamsport, PA 17701-6412
United States