IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

LEONARD GUESS, :
:
       Plaintiff :
:
  v. : CIVIL NO. 4:CV-16-385
:
BUREAU OF PRISONS, ET AL., : (Judge Brann)
:
       Defendants :

**MEMORANDUM**

March 30, 2016

**Background**

    Leonard Guess, an inmate presently confined at the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania (FCI-Schuylkill), filed this pro se Bivens-type civil rights action.[1] The Plaintiff has also submitted an in forma pauperis application. Service of the Complaint has not yet been ordered.

    Named as Defendants are the Federal Bureau of Prisons (BOP) and officials at Plaintiff's prior place of confinement, the Federal Correctional Institution, Fort

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district co urt to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

1

Dix, New Jersey (FCI-Fort Dix). Plaintiff states that he was incarcerated at FCI-Fort Dix during all events described in this Complaint. Plaintiff alleges that Defendants subjected him to excessive force and provided him with inadequate medical care. As relief, Guess seeks compensatory and punitive damages.

## Discussion

As noted above, the Defendants named in this matter are the BOP, a federal agency located in Washington D.C. and FCI-Fort Dix officials who are also from outside Pennsylvania. The Complaint generally asserts that jurisdiction and venue rests with this Court under 28 U.S.C. § 1391. See Doc. 1, pp. 1-2.

In Micklus v. Carlson, 632 F.2d 227, 240-41 (3d Cir. 1980), the United States Court of Appeals for the Third Circuit recognized that under Stafford v. Briggs, 444 U.S. 527 (1980), the provisions of § 1391(e)[2] are inapplicable to

---

[2] § 1391(e) provides in relevant part:
> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

claims for monetary damages against federal officials when the individual officeholder may be found personally liable.[3] See also Robinson v. Weiss, Civ. A. 99-3964, 2000 WL 231905 *2-3 (E.D. Pa. Feb. 18, 2000)(venue provisions of § 1391(e) do not apply to actions for money damages against federal officials in their personal capacities). Under the standards announced in Stafford and Micklus, Guess cannot employ § 1391(e) to establish venue in this district against the individual out of state federal officials named as Defendants in this matter. See Monier v. Watts, 2005 WL 2035607 *2-3 (M.D. Pa. Aug. 18, 2005).

The pertinent statutory provision concerning the proper federal court in which a Bivens lawsuit may be brought, 28 U.S.C. § 1391(b), provides that "[a] civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may be otherwise brought

---

[3] The Court of Appeals in Micklus explained that if § 1391(e) could be employed in actions for money damages against federal officials individually, such defendants "solely by reason of their government service" would be placed "in a very different posture in personal damage suits from that of all other persons." Id. at 491.

as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

This action is not based upon diversity of citizenship jurisdiction, and it is apparent that none of the FCI-Fort Dix officials named as Defendants in the Complaint reside within the Commonwealth of Pennsylvania.  There is nothing to indicate that the FCI-Fort Dix Defendants purposefully directed their activities to Pennsylvania or can otherwise be found in Pennsylvania as contemplated under § 1391(b)(3).  Moreover, none of the events giving rise to Plaintiffs' claims against those Defendants occurred in the Middle District of Pennsylvania.

There are also no facts from which it can be inferred that those Defendants are subject to personal jurisdiction in Pennsylvania.  As explained in Trujillo v. Williams, 465 F.3d 1210, 1217-18 (10th Cir. 2006):

> The exercise of jurisdiction over a nonresident defendant comports with due process "'so long as there exists minimum contacts between the defendant and the forum State.'"  The minimum contacts necessary for specific personal jurisdiction may ne established where the "defendant has 'purposefully directed' its activities toward the forum jurisdiction and where the underlying action is based upon activities that arise out of or relate to the defendant's contacts with the forum."

According to the Complaint, the Defendants are all located in New Jersey or Washington D.C.  and Plaintiff raises claims challenging conduct which occurred in New Jersey.  There is nothing to indicate that any of the FCI-Fort Dix

Defendants purposefully directed their activities to Pennsylvania or can otherwise be found in Pennsylvania. There is also no suggestion that Plaintiff's claims are based upon activities that arise out of or are related to those Defendants' contacts with Pennsylvania.

Since Plaintiff's pending action seeks compensatory damages against the Defendants in their individual capacities, under the requirements of § 1391(b), Plaintiff cannot maintain an action against those officials in this Court. See Greer v. Safeway, 317 Fed. Appx. 838, 842 (10th Cir. 2009) (affirming sua sponte dismissal of in forma pauperis action where it was clear that defendants were not subject to personal jurisdiction in Utah); Trujillo, 465 F.3d at 1217 (affirming authority of court to dismiss action where absence of personal jurisdiction is obvious).

While improper venue may be waived, judges in this Circuit have repeatedly concluded that venue considerations may be raised sua sponte. See Garcia v. Pugh, 948 F. Supp. 20, 23 n.5 (E.D. Pa. 1996) (Pollack, S.J.); DiFilippo v. Sherenian, No. Civ. A. 95- 4445, 1996 WL 58255, at *2 -*3 (E.D. Pa. Feb. 9, 1996) (Reed, J.); Neptune v. Burlington County College, Civ. A. No. 92-5989, 1993 WL 406330, at *1 (E.D. Pa. Oct. 4, 1993) (Weiner, J.); QRG, Ltd. v. Nartron Corp., Civ. Act. No. 06-500, 2006 WL 2583626, at *3 n.4 (W.D. Pa. Sept. 7, 2006)

(Ambrose, C.J.).

It is equally well settled that a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a).  The United States Supreme Court in Hoffman v. Blaski, 363 U.S. 335, 343 (1960), recognized that under § 1404(a), a civil action may be transferred by a district court to another district court where that action may have been brought by the plaintiff.

As noted above, Guess acknowledges that the events giving rise to the filing of this action all occurred at FCI-Fort Dix.  With the exception of the BOP, the Defendants are also located at FCI-Fort Dix which is located within the confines of the United States District Court for the District of New Jersey.  See  28 U.S.C. § 118(c).

Based on the location of the named individual Defendants and the nature of Plaintiff's allegations, it is apparent that the convenience of the parties and the interests of justice would be best served by transferring this matter to the judicial district wherein the underlying events transpired.

Since the District of New Jersey is a more convenient forum, this matter will be transferred to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a).   An appropriate Order will enter.

BY THE COURT:

  s/ Matthew W. Brann
Matthew W. Brann
United States District Judge