**NOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
                      CAMDEN VICINAGE
```

Leonard Guess,                      :     CIV. NO. 16-1759 (RMB)
                                    :
           Plaintiff,               :
                                    :
     v.                             :     OPINION
                                    :
Bureau of Prisons,                  :
FCI Fort Dix,                       :
Warden J. Hollinworth,              :
K. Evans,                           :
Bureau of Prisons Health Services,  :
                                    :
           Defendants.              :

**RENÉE MARIE BUMB**, U.S. District Judge

This matter comes before the Court upon the transfer of Plaintiff's prisoner civil rights complaint from the United States District Court, Middle District of Pennsylvania. (Compl., ECF No. 1; Transfer Mem. and Order, ECF Nos. 9, 10.) Plaintiff is a prisoner presently confined in the Federal Correctional Institution ("FCI") Schuylkill, in Minersville, PA. (Id., ECF No. 1 at 8.) He brings this civil action seeking monetary damages for an alleged civil rights violation arising out of an incident that occurred in December 2014, while he was incarcerated in FCI Fort Dix, in Fort Dix, New Jersey. (Compl., ECF No. 1.)

I.   IFP STATUS

Plaintiff seeks to proceed in forma pauperis pursuant to 28 U.S.C. §§ 1915(a) and 1915(A) (App. for IFP, ECF No. 2.) The U.S. District Court for the Middle District of Pennsylvania did not grant Plaintiff's IFP application before transferring the case to this Court. (M.D. Pa. Docket Sheet, ECF No. 11.) Because this Court has not received *a certified copy* of Plaintiff's prisoner trust account for the six-month period preceding the filing of this Complaint, the Court will deny Plaintiff's IFP application without prejudice, and administratively terminate this action. The case is subject to reopening upon Plaintiff's submission of the certified prison trust account statement required by 28 U.S.C. § 1915(a)(2) or payment of the $400 filing fee.

The Court is required to review a prisoner's civil rights complaint under 28 U.S.C. § 1915(e)(2)(b) and § 1915A.[1] The Court must dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. The Court will allow Plaintiff

---

[1] This Court's conclusive screening of Plaintiff's claims is reserved until he pays the filing fee or properly obtains in forma pauperis status. See Izquierdo v. New Jersey, 532 F. App'x 71 (3d Cir. July 25, 2013) (district court may decide whether to dismiss the complaint under 28 U.S.C. § 1915(e)(2) after leave to proceed IFP is granted).

to file an amended complaint to cure the deficiencies discussed below, together with his complete IFP application.

II.  DISCUSSION

    A.  The Complaint

Plaintiff alleges the following occurred while he was a prisoner in FCI Fort Dix. On December 29, 2014, K. Evans, a prison staff member, attacked him from behind. He threw Plaintiff down head and shoulder first into a concrete wall between the third and second floor stairwell. Plaintiff temporarily lost consciousness and awoke in a defensive lock maneuver with Evans's knee between Plaintiff's neck and left shoulder. Plaintiff never resisted and did not cause the incident.

Plaintiff was taken to the emergency room at Robert Wood Johnson Hamilton University Hospital. He was diagnosed with acromioclavicular separation, head injury, left shoulder strain, and lumbar strain. Plaintiff was returned to FCI Fort Dix, where he was placed in the Special Housing Unit pending a disciplinary proceeding. Plaintiff names five defendants, each in their official and individual capacities: the Federal Bureau of Prisons, FCI Fort Dix, Warden J. Hollinworth, K. Evans, and Bureau of Prisons Health Services.

    B.  <u>Standard of Review</u>

3

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint." Id. A court need not accept legal conclusions as true. Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the

amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

    C.    Bivens Actions

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 395 (1971), the Supreme Court held that damages may be obtained for injuries caused by "a violation of the Fourth Amendment by federal officials." Bivens also extends to Eighth Amendment claims by prisoners. See e.g., Carlson v. Green, 446 U.S. 14 (1980). In the limited settings where Bivens applies, "the implied cause of action is the 'federal analog to suits brought against state officials under ... 42 U.S.C. § 1983.'" Iqbal, 556 U.S. at 675-76 (quoting Hartman v. Moore, 547 U.S. 250, 254 n. 2 (2006)). "If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a Bivens claim against the offending individual officer, subject to the defense of qualified immunity." Corr. Services. Corp. v. Malesko, 534 U.S. 61, 72 (2001).

    D.    Official Capacity Claims

"An action against government officials in their official capacities constitutes an action against the United States; and Bivens claims against the United States are barred by sovereign immunity, absent an explicit waiver." Lewal v. Ali, 289 F. App'x 515, 516 (3d Cir. 2008) (citing FDIC v. Meyer, 510 U.S. 471, 483 (1994);

5

Jaffee v. United States, 592 F.2d 712, 717 (3d Cir. 1979); see also Consejo de Desarrollo Economico de Mexicali v. United States, 482 F.3d 1157, 1173 (9th Cir. 2007) (Bivens action can be maintained against a defendant in his or her individual capacity only)). Therefore, to avoid dismissal, Plaintiff may wish to eliminate the official capacity claims under Bivens in an amended complaint.

    E.    The BOP, Bureau of Prison Health Services, and FCI Fort Dix Are Not Proper Defendants to a Bivens action.

In FDIC v. Meyer, the Supreme Court expressly *declined* "to expand the category of defendants against whom Bivens-type actions may be brought to include not only federal agents but federal agencies as well." 510 U.S. at 484; Albert v. Yost, 431 Fed. App'x 76, 81 (3d Cir. 2011) (Bivens claim can be asserted against individual federal officers, not federal entities). To cure the deficiency in the present complaint, Plaintiff may wish to exclude these entities as defendants in an amended complaint.

    F.    Claims Against Warden J. Hollinworth

        1.    Excessive Force

Plaintiff's claims against Warden Hollinworth are based on his role as K. Evan's supervisor, and the warden's responsibility for "overseeing prisoners['] lives and health in his custody." (Compl. ECF No. 1 at 4.) Plaintiff alleges Hollinworth should have known "that his lack of supervision and training of defendant Evans, would place

6

the Prison's population at risk." (Id.) He also alleged that use of excessive force on inmates by prison staff members is a regular occurrence, and the staff members are not punished. (Id. at 6.)

For Bivens actions, as with liability under 42 U.S.C. § 1983, there is no liability of a supervisor solely for the unconstitutional conduct of an employee. Dinote v. Danberg, 601 F. App'x 127, 131 (3d Cir. 2015) (citing Barkes v. First Corr. Med., Inc., 766 F.3d 307, 316 (3d Cir. 2015) reversed on other grounds by Taylor v. Barkes, 135 S.Ct. 2042 (2015). Supervisory liability can only be shown if the supervisor (1) "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm,'" or (2) "'participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced' in the subordinate's unconstitutional conduct." Id. (alteration in original) (citations omitted)).

Plaintiff's supervisory liability claim against J. Hollinworth may proceed only on Plaintiff's allegation that his deliberate indifference may be shown by the regular occurrence of excessive force against inmates, and the failure to discipline the offending prison staff members. Plaintiff's claim that the Warden should have known his failure to train and supervise Evans would result in Evan's

7

alleged misconduct is insufficient to establish deliberate indifference. "To establish liability on a failure to train claim under § 1983, plaintiffs 'must identify a failure to provide specific training that has a causal nexus with their injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred'" Gilles v. Davis, 427 F.3d 197, 207 n.7 (3d Cir. 2005) (quoting Reitz v. County of Bucks, 125 F.3d 139, 145 (3d Cir. 1997)). Therefore, Plaintiff may wish to amend his claims against the warden.

## 2. Inadequate Medical Care

Bivens actions have been extended to Eighth Amendment claims based on inadequate medical care of prisoners. See e.g. Ruiz v. Federal Bureau of Prisons, 481 F. App'x 738, 741 (3d Cir. 2012) (prisoner's claim against BOP Director "could have proceeded if properly pled [but] he did not allege in any of his complaints that [the] Director . . . had any personal involvement in the denial of his medical care") (citing Iqbal, 556 U.S. 662; Argueta v. U.S. Immigration & Customs Enforcement, 643 F.3d 60, 71-72 (3d Cir. 2011). To state an Eighth Amendment claim, "a prisoner must show that the defendants exhibited 'deliberate indifference to serious medical needs.'" Tsakonas v. Cicchi, 308 F. App'x 628, 631-32 (3d Cir. 2009)

(quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Supervisors may be liable for their subordinates Eighth Amendment violation "if it is shown that they, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" Id. (quoting A.M. ex rel. J.M.K. v. Luzerne County Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir.2004) (quoting Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir. 1989)).

Plaintiff alleged that he filed a BOP Administrative Remedy request for his grievances concerning the Bureau of Prisons Health Services, but the grievance was not answered until four months later, after Plaintiff was transferred to a different prison. Plaintiff fails to state a supervisory claim of deliberate indifference to his serious medical needs by Warden Hollinworth.

First, Plaintiff has completely failed to allege what treatment he was prescribed after he was released from the emergency room with a dislocated shoulder and muscle strains. Second, even if Plaintiff alleges in an amended complaint what treatment was prescribed for his injuries but was denied by prison medical staff, he has failed to plead facts establishing the warden's supervisory liability. The allegation that the warden was aware of Plaintiff's complaint about his medical care because Plaintiff filed an Administrative Remedy

9

request is insufficient to establish supervisory liability. See Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (allegations that prison official "responded inappropriately to later-filed grievances about [the prisoner's] medical treatment" did not establish deliberate indifference to a serious medical need). Plaintiff will have the opportunity to cure this deficiency in the present complaint by filing an amended complaint.

III. CONCLUSION

For the reasons discussed above, in the accompanying Order filed herewith, the Court will deny Plaintiff's IFP application without prejudice and administratively terminate this action. Plaintiff may reopen this action by curing the deficiency in his IFP application, and he will also be permitted to file an amended complaint to cure the deficiencies in the present complaint.

                                        s/RENÉE MARIE BUMB
                                        **RENÉE MARIE BUMB**
                                        **UNITED STATES DISTRICT JUDGE**

**DATED: MAY 19, 2016**