**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE
```

| | | |
|---|---|---|
| Leonard Guess, | : | **CIV. NO. 16-1759 (RMB)** |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| Bureau of Prisons, | : | |
| FCI Fort Dix, | : | |
| Warden J. Hollinworth, | : | |
| K. Evans, | : | |
| Bureau of Prisons Health Services, | : | |
| | : | |
| Defendants. | : | |

**RENÉE MARIE BUMB**, U.S. District Judge

This matter comes before the Court upon Plaintiff's submission of an application to proceed in forma pauperis in this Bivens action. (IFP App., ECF No. 14.) Plaintiff is a prisoner confined in the Federal Correctional Institution ("FCI") Schuylkill, in Minersville, PA. (Id., ECF No. 1 at 8.) Plaintiff's prisoner civil rights complaint was transferred from the United States District Court, Middle District of Pennsylvania to this Court on March 30, 2016. (Compl., ECF No. 1; Transfer Mem. and Order, ECF Nos. 9, 10.) This Court denied Plaintiff's first application to proceed in forma pauperis because his application was deficient under 28 U.S.C. § 1915(a). (Order, ECF No. 13.)

1

I.   DISCUSSION

Plaintiff has now filed a second application to proceed in forma pauperis pursuant to 28 U.S.C. §§ 1915(a) and 1915(A) (App. for IFP, ECF No. 14.) His application complies with the requirements of 28 U.S.C. § 1915(a), and establishes his inability to pay the filing fee. Plaintiff's IFP application will be granted.

II.  SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(b) and § 1915A

The Court is required to review a prisoner's civil rights complaint under 28 U.S.C. § 1915(e)(2)(b) and § 1915A.  The Court must dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. This Court preliminarily screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(A) and § 1915(e)(2)(B) on May 19, 2016. (Opinion and Order, ECF Nos. 12, 13.) The Court gave Plaintiff an opportunity to file an amended complaint to cure the following deficiencies in his Complaint:

   1.  Defendants, in their official capacities, have sovereign immunity from Bivens claims;

   2.  The Bureau of Prisons ("BOP"), the Bureau of Prisons Health Services, and FCI Fort Dix are not proper defendants to a Bivens action;

    3. Plaintiff's claim that the warden should have known his failure to train and supervise Evans would result in Evans' alleged misconduct is insufficient to establish deliberate indifference;

    4. Plaintiff failed to state a supervisory liability claim of deliberate indifference to his serious medical needs by Warden Hollinworth.

(Opinion, ECF No. 12 at 5-10.)

Plaintiff has not filed an amended complaint. For the reasons described in this Court's Opinion and Order dated May 19, 2016, incorporated by reference herein, the above claims will be dismissed from this action.

Also, as stated in this Court's prior Opinion and Order, Plaintiff's supervisory liability claim against Warden J. Hollinworth may proceed on Plaintiff's allegation that the warden's deliberate indifference is established by the regular occurrence of excessive force against inmates, and the failure to discipline offending staff members. (Opinion, ECF No. 12 at 7.) Plaintiff's Eighth Amendment claim involving Defendant K. Evans' use of excessive force against him may also proceed past screening. See Wilkins v. Gaddy, 559 U.S. 34, 40 (2010) (to prevail on a claim that a correctional officer's use of excessive force against the plaintiff violated the Eighth Amendment, the plaintiff must prove that the assault was carried out "maliciously and sadistically" rather than

3

as part of "a good-faith effort to maintain or restore discipline") (quoting Hudson v. McMillian, 503 U.S. 1 (1992)).

For these reasons, in the accompanying Order filed herewith the Court will grant Plaintiff's IFP application and proceed his Bivens claim for excessive force against Defendant K. Evans, and his Bivens claim against Warden J. Hollinworth for supervisory liability. The remainder of Plaintiff's Bivens claims will be dismissed.

        s/RENÉE MARIE BUMB_____
        **RENÉE MARIE BUMB**
        **UNITED STATES DISTRICT JUDGE**

Dated_June 15, 2016